UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GARNETT SMALL,

                        Plaintiffs,

            -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, DEPUTY INSPECTOR
BARRERE, POLICE OFFICER JOSE ORTIZ, SHIELD
N0. 02871, "JOHN DOE" POLICE OFFICERS 1-10,

                        Defendants.

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANTS CITY OF NEW YORK, KELLY, BARRERE, AND ORTIZ**

07 Civ. 9631 (PKC)

JURY TRIAL DEMANDED

        The City of New York ("City"), Police Commissioner Raymond Kelly ("Kelly"), Inspector David Barrere ("Barrere"), and Sergeant Jose Ortiz ("Ortiz")[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.    Deny the allegations set forth in paragraph "2" of the complaint.

        3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed as stated therein.

---

[1] Defendant Barrere is named as a "Deputy Inspector" in the Complaint, but presently holds the rank of Inspector. Similarly, defendant Oritz is named as a Police Officer, but presently holds the rank of Sergeant.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to proceed as stated therein.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that defendant Kelly is employed as the Commissioner of the New York City Police Department ("NYPD"), and that plaintiff purports to sue him as stated therein.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that defendant Barrere is employed as an Inspector in the NYPD and is presently the commanding officer of the 75th Precinct and that plaintiff purports to sue him as stated therein.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, except admit that defendant Ortiz is presently employed as an NYPD Sergeant and that plaintiff purports to sue him as stated therein.

12. The allegations set forth in paragraph "12" of the complaint constitute legal conclusions rather than averments of fact, as such, no response is required.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that a document purporting to be a notice of claim was received by the New York City

Officer of the Comptroller on or about November 27, 2006, and that the purported claim has not been settled.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was handcuffed and placed in a police car.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint,.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint, and all its subparts.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendants City, Kelly, Barrere, and Ortiz repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants City, Kelly, Barrere, and Ortiz repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants City, Kelly, Barrere, and Ortiz repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants City, Kelly, Barrere, and Ortiz repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. In response to the allegations set forth in paragraph "45" of the complaint, defendants City, Kelly, Barrere, and Ortiz repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint, except admit that plaintiff was arrested.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendants City, Kelly, Barrere, and Ortiz repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. In response to the allegations set forth in paragraph "57" of the complaint, defendants City, Kelly, Barrere, and Ortiz repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. In response to the allegations set forth in paragraph "60" of the complaint, defendants City, Kelly, Barrere, and Ortiz repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

61. The allegations set forth in paragraph "61" of the complaint constitute legal conclusions rather than averments of facts, as such, no response is required.

62. Deny the allegations set forth in paragraph "62" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

63. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

64. Defendants City, Kelly, Barrere, and Ortiz have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

65. Defendants Kelly, Barrere, and Ortiz have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

66. At all times relevant to the acts alleged in the complaint, defendants Kelly, Barrere, and Ortiz acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

67. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening culpable and/or negligent conduct of others and was not the proximate result of any act of the defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

68. This action may be barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

69. Plaintiff failed to comply with the conditions precedent to suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

70. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

71. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

72. Punitive damages cannot be assessed against defendant City.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

73. Plaintiff provoked any incident.

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          January 31, 2008

>                MICHAEL A. CARDOZO
>                Corporation Counsel of the
>                  City of New York
>                Attorney for Defendants City, Kelly, Barrere, and Ortiz
>                100 Church Street, Room 153
>                New York, New York 10007
>                (212) 788-1298
>
>     By:             /S
>                DOUGLAS W. HEIM
>                Assistant Corporation Counsel